Submitted on briefs July 26, reversed and remanded November 8, 1921.

## BROWN v. AUSTIN ET AL.

### (201 Pac. 543.)

**Frauds, Statute of—Oral Contract to Pay a Person Certain Sum When he Arrived at Age of Twenty-one Held Void as not to be Performed in One Year.**

1. An oral agreement of one who married plaintiff's mother to pay plaintiff $1,000 when he should arrive at the age of twenty-one years, in consideration of $400 turned over to him by the mother, who was holding it in trust for plaintiff, which was impossible of performance within one year, was void, under Section 808, Or. L.

**Limitation of Actions—No Tolling by New Promise Where Promise not Accepted.**

2. Where decedent received trust moneys from plaintiff's mother, and agreed to pay plaintiff $1,000 when he reached twenty-one years of age, and plaintiff attained majority in 1905, when decedent informed him that, if plaintiff would forego payment at that time,

he would provide for him in his last will and testament, there was no tolling of Section 1241, Or. L., as on a new promise, where such offer was not agreed to by plaintiff, and, for all that appears, plaintiff could have commenced an action at any time, and in 1919 it must be held that action to recover such $1,000 and interest was barred.

From Multnomah: JOHN McCOURT, Judge.

In Banc.

The defendants are the executors of the last will and testament of George Gardner, deceased, who died May 30, 1919, and whom Annie Brown, the mother of the plaintiff, married in September, 1885. Paul C. Brown, father of Charles Brown, plaintiff herein, died in February, 1885. All the foregoing statements are admitted by the pleadings.

The complaint alleges that Paul C. Brown left "in trust for his child Charles Brown, plaintiff herein, the sum of $400." That pleading charges that shortly after the marriage of George Gardner and Annie Brown, he prevailed upon her to loan to him the trust fund of $400 on his promise that when Charles Brown should attain the age of twenty-one years, Gardner would pay to the plaintiff $1,000, and that the plaintiff's mother, then the wife of Gardner, loaned the $400 to Gardner on those conditions. The complaint also contains the following allegation:

"That when said Charles Brown, plaintiff herein, attained the age of twenty-one years, he demanded of the said George Gardner an accounting, in the matter of payment of $1,000 on account of the trust fund of $400, loaned to the said George Gardner. That the said George Gardner informed the said Charles Brown, that if he, the said Charles Brown, would forego payment at that time, of the said sum of $1,000 due from the said George Gardner to the said Charles Brown, that he, the said George Gardner, would in

his last will and testament, provide that the said Charles Brown would share equally in the estate of the said George Gardner, with the surviving children of the said George Gardner; that the said Charles Brown, plaintiff herein, relying on the promises and representations of the said George Gardner, and the agreement then entered into, that he, the said Charles Brown, would at the death of the said George Gardner, share equally with the surviving children of the said George Gardner in the estate, took no further action to enforce the payment of the said $1,000.''

It is charged and admitted that Gardner left a will which was duly admitted to probate on June 4, 1919, bequeathing to Charles Brown the sum of $400 only. The complaint avers that Gardner left an estate of the value of $12,000, and that by reason of his failure to make a will allowing the plaintiff a one-fourth interest in the estate, the latter has been damaged in the amount of $3,000. It is admitted that the plaintiff presented a claim to the defendants and they rejected it. The amount of the claim is not stated, but the plaintiff demands judgment against the defendants as executors, in the sum of $3,000. The allegation relating to the original loan of $400 and the promise to pay $1,000 on the arrival of the plaintiff at majority, and the allegation quoted relating to the arrangement made between the plaintiff and Gardner at the time the plaintiff reached the age of twenty-one years, as well as the damage alleged, are all denied.

During the progress of the trial, the court held that the agreement attempted to be stated in the quoted allegation was within the statute of frauds and hence was void because no writing was produced in evidence thereof. The defendants moved for nonsuit, on the ground that no cause had been proved

sufficient to be submitted to the jury, but the court overruled the motion and allowed the case to proceed, on the theory that enough was averred in the complaint to show a cause of action as for money had and received. Under this view of the pleadings the trial resulted in a verdict in favor of the plaintiff for $1,448. From the consequent judgment the defendants appeal.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Mr. W. Y. Masters.*

For respondent there was a brief over the names of *Mr. Leslie S. Parker* and *Messrs. Allen & Roberts.*

BURNETT, C. J.—The plaintiff's testimony is to the effect that he was about nine months of age when his father died, in February, 1885, and that he attained the age of twenty-one years in May, 1905. It is admitted in the pleadings that his mother married Gardner in September, 1885. He states that in the autumn of 1904, prior to his coming to the age of majority, he had a talk with Gardner and his then wife, plaintiff's mother having died and Gardner having married again. He said he had been informed by one of the defendants that there was money coming to him from Gardner and that during that talk referred to, which he afterwards had with Gardner and the latter's wife, "They owned up to it that I had money coming from my father, and they told me, then and there, that if I didn't make any trouble for them, they would give me an equal share with the rest of the children." He further says in substance that after the death of the then Mrs. Gardner, "My stepfather said at different times that he would give me an equal share with the rest of them. He came

to my place and he said he was going to see that I got my share just like the rest of them." Interrogated as to the property that Gardner left at his death, he stated that it was realty. There is no testimony that Gardner had anything but real estate at the time of his death. The plaintiff also offered in evidence a claim which he presented to the defendants as executors, in this form:

"Estate of George Gardner, Deceased,
    To Charles Brown, Dr.,
  For moneys due Charles Brown, at time of attaining his majority, on May 30, 1905, with interest to date:

Amount due, May 30th, 1905..........$1,000
Interest at six per cent per annum to
  date......... ............. ...........  448

               Total, $1,848 [sic]
Less amount of bequest in Will of said
  George Gardner, deceased..........  400

            Total amount due, $1,448

"Interest is also demanded on the said sum of $1,000 until paid.

"Note: After the death of the father of the said Charles Brown, to wit, Paul Brown, and the marriage of mother of Charles Brown, to the said George Gardner, there was loaned to the said George Gardner, by the said Charles Brown's mother (then Mrs. George Gardner), the sum of $450, which moneys came from the estate of the said Paul Brown. This money was loaned to the said George Gardner, with the distinct understanding and agreement, that at the time the said Charles Brown should attain his majority, the said George Gardner should pay to him the sum of $1,000, being the said $450 and the agreed accumulated interest to that time; on Charles Brown becoming of age, he demanded the money from

the said George Gardner, his stepfather, but was put off with the promise that when the said George Gardner died, he would receive the said sum of $1,000 with interest to date. The Will, however, only leaves to this claimant herein, the sum of $400.''

The only writing produced in evidence was this claim presented to the executors.

1. The plaintiff has not appealed, and hence we must accept the theory upon which the Circuit Court permitted the case to go to the jury, which was, that there was sufficient in the complaint upon which to found an action as for money had and received. If the plaintiff would recover the sum of $1,000 and interest on such a theory, it must be by virtue of the traversed allegation to the effect that the deceased contracted with the plaintiff's mother to pay him $1,000 when he should arrive at the age of twenty-one years. This was a contract not to be performed in one year, as disclosed by the evidence; and since there is no writing on the subject it is void under Section 808, Or. L., which says that evidence of an agreement shall not be received other than the writing or secondary evidence of its contents in the cases prescribed by law, in case of an agreement that by its terms is not to be performed within a year from the making thereof. Again, on the face of the claim presented to the executors and exhibited in evidence, it appears that the claim was barred by the statute of limitations, which the law forbids the administrators to allow: Section 1241, Or. L. The allowance of such a claim by the administrator having been interdicted, the statute cannot be evaded by an action based on the same claim.

2. The allegation respecting the demand made by the plaintiff upon Gardner for an accounting, which is

quoted above, does not operate to toll the statute as upon a new promise. It is true that Gardner is said to have informed the plaintiff that if the latter would forego payment of the $1,000, Gardner would provide for him in his last will and testament. This constitutes an offer on the part of Gardner, but it is not stated anywhere that the plaintiff accepted that offer and agreed to forbear to sue. For all that appears in the pleadings, the plaintiff could have commenced an action against Gardner the next day, for the $1,000. In that case, if the latter had set up the matter quoted as a defense, the plaintiff could have said to him, "True enough, you offered to remember me in your will, but I did not accept the offer or agree to take that in lieu of payment of the $1,000 you owed me."

The court erred in refusing judgment of involuntary nonsuit. The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.        REVERSED AND REMANDED.

McCOURT and RAND, JJ., did not participate in this decision.